HALL, Judge.
In this child custody matter, the district court rejected the father’s petition, ancillary to his petition for a final divorce, to change custody of the two-year-old son from the mother to the father. The father appealed. According great weight to the trial court’s decision and finding no abuse of discretion, we affirm.
The parties separated in February 1980, when Jason was four months old. In April, the father was granted a separation and, by agreement, the mother was granted custody of the child.
Prior to the separation the paternal grandmother kept the child during the day while both parents worked. This arrangement continued after the separation. By June, the child was spending more time with the grandmother and the father than with the mother.
Beginning in July the child was with the grandmother and father almost full-time, with the mother visiting the child occasionally. The mother worked long hours at her *99 job. During this period of adjustment she moved several times. One place she rented was not air-conditioned which presented a problem with her keeping the child as he had a skin condition which was aggravated by the heat. The mother also had a foot operation during that time and was on crutches for several weeks.
This arrangement continued for almost a year until May 1981 when the petition for final divorce and change of custody was filed by the father. During that period, the father and child lived with his parents for a good part of the time and then lived in a trailer near the grandparents’ home. The father tended to the child in the morning before work, the grandmother kept the child at her house during the day, the father ate lunch with the child at the grandmother’s, and after work they ate supper at the grandmother’s. Father and child usually spent the night at the father’s trailer. The father and grandmother provided loving and attentive care to the young child.
Beginning in May 1981, the mother started having the child with her more often. She had a nice apartment, a good job, and, while working, left Jason at a suitable nursery. By the time of trial in November 1981, Jason was spending most days and nights with his mother. The evidence establishes that the mother is loving and attentive and the environment in which she and the child were living was entirely suitable.
At the conclusion of the trial and after a private conversation with Jason, the trial court determined that the better solution in this difficult case was to allow custody to remain with the mother, with the father to continue to have liberal visitation rights, and with the hope that the communication and cooperation of the parties had not been destroyed by the litigation. In the course of its oral reasons for judgment, the court noted Jason has a quick mind and no emotional problems. The court commented that it recognized “the biology of the situation” even though the maternal preference rule was no longer applicable.
On appeal, the father urges that the trial court erred in applying the maternal preference rule, seizing on the trial court’s comment concerning biology. The father further urges that it would be in the best interest of the child for him to have custody, emphasizing that the child was with him during most of the time since the parties separated, this stable environment should be continued, and the paternal grandparents are available to assist in caring for Jason and can help him provide a stable family life in a church-going environment.
On the other side, the mother emphasizes her nurturing relationship with the small child since his birth, her present custody, legal and actual, of the child, the good environment in which they were living at the time of trial, and the lack of substantial reason to change custody.
This case presented a difficult best-interest determination for the trial court. There was no error on the part of the trial court in considering the mother-child relationship as one of the factors in making the best-interest decision. Upon appellate review, we accord great weight to the trial court’s determination and find no clear abuse of discretion; the court’s discretion was soundly exercised. Legal custody in the mother since the parties’ separation, with the father and paternal grandparents providing care, support and assistance as needed under circumstances as they have existed, seems to have worked to the best interest of this child. It is not convincingly demonstrated that a change in legal custody would be in the best interest of the child.
In affirming the trial court’s decision, we take note of the fact that by the time the judgment on appeal becomes final, the mother will have had actual custody for about a year. At this point in time, stability of environment is an additional factor favoring continued custody in the mother.
The judgment of the district court is affirmed at appellant’s costs.
Affirmed.